Slip Op. 18-30

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SILFAB SOLAR, INC., et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES, et al.,<br><br>                    Defendants,<br><br>          and<br><br>SOLARWORLD AMERICAS, INC., et al.,<br><br>                    Defendant-Intervenors. | Before: Timothy C. Stanceu, Chief Judge<br><br>Court No. 18-00023 |

## OPINION AND ORDER

[Granting plaintiffs' motion for expedited consideration and denying plaintiffs' motion for an injunction, and for a stay, pending appeal]

Dated: March 26, 2018

*Jonathan T. Stoel*, Hogan Lovells US, LLP, of Washington, D.C., for plaintiffs. With him on the motions were *Craig A. Lewis*, *Mitchell P. Reich*, *Michael G. Jacobson*, and *Robert B. Wolinksky*.

Stanceu, Chief Judge: On March 5, 2018, the court denied the motion of plaintiffs Silfab Solar, Inc., Heliene, Inc., Canadian Solar (USA), Inc., and Canadian Solar Solutions, Inc. for a temporary restraining order and a preliminary injunction. *Silfab Solar, Inc. v. United States*, Slip Op. 18-15, 2018 WL 1176619 (Mar. 5, 2018), ECF No. 47 ("*Silfab I*"). In their motion for this equitable relief, plaintiffs sought to enjoin defendants from subjecting plaintiffs' products to "safeguard" measures, in the form of temporary import duties, that the United States imposed, beginning February 7, 2018, on imports of certain crystalline silicon photovoltaic ("CSPV") cells

and certain products (including "modules") that contain such cells. The United States imposed the safeguard measures by means of a presidential proclamation (the "Proclamation"), issued January 23, 2018 pursuant to section 203 of the Trade Act of 1974, 19 U.S.C. § 2253.[1] Proclamation No. 9693, 83 Fed. Reg. 3541 (Jan. 25, 2018) (the "*Proclamation*").

Plaintiffs have appealed the court's order denying their motion for equitable relief. Notice of Appeal (Mar. 21, 2018), ECF No. 49. Before the court are two motions plaintiffs make pursuant to their interlocutory appeal of that order.

Plaintiffs' first motion seeks an injunction preventing defendants from taking any action to impose or enforce the Proclamation with respect to their products, and a stay of proceedings in this Court, pending the appeal. Pls.' Mot. For Inj. Pending Appeal and Stay of Dist. Ct. Proceedings During Appeal of Prelim. Inj. Ruling (Mar. 21, 2018), ECF No. 50 ("Inj. and Stay Mot."). All defendants oppose this motion, with respect to both an injunction and a stay. *Id.* at 3, 5.

In the second motion, plaintiffs seek an expedited ruling on their first motion. Pls.' Mot. For Expedited Consideration of Mot. For Inj. Pending Appeal and Stay of Dist. Ct. Proceedings (Mar. 21, 2018), ECF No. 51. Plaintiffs' second motion seeks, in the alternative, an extension of time to respond to a motion to dismiss, which was filed on February 20, 2018 by defendant U.S. International Trade Commission (the "ITC"), until their first motion is resolved. *Id.* at 2; *see* Mot. to Dismiss and Mem. in Supp. of Mot. to Dismiss of Def. U.S. Int'l Trade Commission (Feb. 20, 2018), ECF No. 33.

The court grants the motion to expedite and, accordingly, now rules on plaintiffs' first motion. The court concludes that plaintiffs have not met the requirements for an injunction

---

[1] All citations to the United States Code herein are to the 2012 edition.

pending appeal. The court also decides against a stay of this litigation. Because the only action now required of plaintiffs is a response to the ITC's motion to dismiss, plaintiffs have not convinced the court that a stay of proceedings is needed at this time.

## I. BACKGROUND

Background on this litigation is presented in the court's previous opinion and order, *Silfab I* at 2-5, familiarity with which is presumed. The court issued that opinion and order on March 5, 2018, denying plaintiffs' motion for a temporary restraining order and a preliminary injunction. That motion, like the instant motion, sought to prevent the United States from taking any action to impose or enforce the Proclamation on plaintiffs' products covered by the Proclamation and from collecting any tariffs from plaintiffs pursuant to it. *Compare* Proposed Prelim. Inj. Order (Feb. 7, 2018), ECF No. 10-16, *with* Proposed Inj. Pending Appeal Order (Mar. 21, 2018), ECF No. 50-1 ("Proposed Inj. Order").

## II. DISCUSSION

### A. Injunction Pending Appeal

Rule 62(c) of the Rules of this Court provides, in pertinent part, that "[w]hile an appeal is pending from an interlocutory order . . . that . . . denies an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights." USCIT R. 62(c). In considering motions for injunctions pending appeal, courts have examined (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See generally* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2904 (3d ed. 2013). These are essentially the same

standards that apply to a grant or denial of a preliminary injunction in the first instance. The burden on the proponent of an injunction to show a likelihood of success on the merits is understood to be at least as high as, if not higher than, the original burden on the proponent of the injunction. *See Bayless v. Martine*, 430 F.2d 873, 879 (5th Cir. 1970).

In ruling on plaintiffs' motion for an injunction pending appeal, the court has reconsidered the conclusions it reached in denying plaintiffs' previous motion, which sought a temporary restraining order and a preliminary injunction at the outset of this litigation. Upon reviewing the relevant issues again, the court concludes that plaintiffs have not met their burden for obtaining an injunction pending appeal.

## 1. Likelihood of Success on the Merits

In support of their motion for an injunction pending appeal, plaintiffs argue that "[a]t minimum, Plaintiffs have raised 'serious' and 'difficult' questions of law in their motion for temporary restraining order and preliminary injunction" and that "[s]pecifically, because the United States International Trade Commission ["ITC"] did not issue a remedy 'recommendation' . . . the President lacked authority to impose the remedies imposed by the Proclamation." Inj. and Stay Mot. 3 ("Plaintiffs' [*sic*] recognize that this Court did not agree with their position, but that is immaterial to whether an injunction pending appeal should be granted. It is enough that the questions of law are 'serious' and 'difficult.'").

In pointing to the ITC's not having issued a remedy recommendation, plaintiffs refer to their first claim in this litigation ("Count 1" in their complaint). They claim that the President and the U.S. Trade Representative violated sections 201 and 203 of the Trade Act of 1974, 19 U.S.C. §§ 2251 and § 2253, by adopting a safeguard measure upon a report of the ITC that did not comply with subsection (e) of section 202 of the Trade Act, 19 U.S.C. § 2252(e), in that

it did not include a remedy recommendation that was on behalf of the Commission. Compl. ¶ 54 (Feb. 7, 2018), ECF Nos. 2 (public), 16 (conf.). The court concluded previously that plaintiffs have not shown a likelihood of success on the merits of this claim. *Silfab I* at 9-30. The court reaches the same conclusion again, for precisely the reasons the court stated in its previous opinion and order. Noting the ITC's affirmative finding that CSPV products were being imported into the United States in such increased quantities as to be a substantial cause of serious injury to the domestic industry, the court concluded that plaintiffs' statutory interpretation did not accord with the plain language, purpose, or legislative history of the statute. *See id*. Regarding the statutory purpose, the court opined that "[t]he practical effect of plaintiffs' interpretation is that the lack of an ITC remedy recommendation would negate the ITC's affirmative injury or threat determination," preventing the President from acting in response to the ITC's finding of serious injury, "which is the very problem the statute was enacted to address." *Id.* at 19.

Upon reconsideration of the merits of plaintiffs' other two claims, the court again concludes that plaintiffs are unlikely to succeed on the merits of either of them. Here also, the court reaches this conclusion for the reasons it stated in its previous opinion and order.

Plaintiffs claim, in Count 2 of their complaint, that the Proclamation violated section 312 of the North American Free Trade Agreement Implementation Act (the "NAFTA Implementation Act"), 19 U.S.C. § 3372(d), by imposing a quantitative restriction that did not permit the importation of a specified quantity or value of an article of Canada. Compl. ¶¶ 55-60. They direct this claim to the inclusion in the Proclamation of a tariff-rate quota on CSPV cells. The court questioned whether plaintiffs will be able to establish standing to assert this claim, noting that plaintiffs did not allege that they produced or imported CSPV cells from Canada.

*Silfab I* at 31.  The court also mentioned that the Trade Act of 1974 regards tariff-rate quotas and quantitative restrictions as distinct remedies.  *Id.* at 31-32.  Moreover, the court cast doubt on plaintiffs' argument that the tariff-rate quota at issue can be said not to "permit" the importation of a specified quantity or value of CSPV cells from Canada.  *Id.* at 32-33.  In considering again plaintiffs' second claim, the court once more concludes that even were plaintiffs to establish standing, they would be unlikely to show that the tariff-rate quota at issue is a "quantitative restriction" within the meaning of 19 U.S.C. § 3372(d) or that it failed to permit the importation of a specified quantity or value of CSPV cells from Canada.

Plaintiffs' third claim, expressed in Count 3 of their complaint, is that the President lacked authority to impose a restriction on CSPV products from Canada because the ITC found that imports from Canada did not account for a substantial share of total imports and did not contribute importantly to the serious injury, or threat thereof, caused by imports.  Compl. ¶¶ 61-67.  The court concluded that plaintiffs were unlikely to be successful on this claim because the NAFTA Implementation Act permits, but does not require, the President to exempt imports from a NAFTA country from a global safeguard imposed under section 203 of the Trade Act of 1974.  *Silfab I* at 34.  Under the NAFTA Implementation Act, the two findings of the ITC, i.e., that imports from Canada did not account for a substantial share of total imports and did not contribute importantly to the serious injury, or threat thereof, caused by imports, were not binding on the President, who is directed to make his own findings on these same two issues.  *Id*. at 35-36.  The President's findings of fact and exercise of judgment are not subject to judicial review.  *Id.* at 37-39.  Considering again the third claim asserted in the complaint, the court concludes, as it did previously, that plaintiffs are not likely to succeed on the merits of this claim.

2. Irreparable Harm in the Absence of an Injunction Pending Appeal

Plaintiffs assert that the Proclamation "has struck a crushing blow to Plaintiffs' respective businesses, and each one has been forced to undergo significant operational changes, including terminating dozens of employees, closing manufacturing facilities, and losing key customer contracts." Inj. and Stay Mot. 3.  They add that "[a]bsent an injunction pending appeal, Plaintiffs will continue to face debilitating harm, and there is a substantial likelihood that their claims would be mooted by the time the appeal is resolved." *Id.* (citation omitted).

The court, for purposes of ruling on their motion for injunctive relief, presumes, without finding, that plaintiffs have met the requirement of showing irreparable harm in the absence of an injunction pending appeal.

3. Whether the Injunction Will Substantially Injure the Other Parties Interested in the Proceeding

The injunction pending appeal that plaintiffs seek would enjoin U.S. officials, during the pendency of the appeal, from "taking any action to impose or enforce against the Plaintiffs the Presidential Proclamation No. 9693" and enjoin U.S. Customs and Border Protection "from the collection of any tariff on Plaintiffs' imports of crystalline silicon photovoltaic cells, whether or not partially or fully assembled into other products, from Canada pursuant to the Presidential Proclamation during the pendency of the Appeal." Proposed Inj. Order 1-2.  The court has not conducted a hearing to make its own findings of fact as to whether this proposed injunction would substantially injure the defendant or the defendant-intervenors, who oppose the injunction. For the reasons discussed below, such a hearing is not necessary, at least at this time.

4. Whether an Injunction Pending Appeal Is in the Public Interest

Previously, the court concluded that plaintiffs did not meet their burden of showing that the public interest weighed in favor of an injunction. *Silfab I* at 39-41.  In their current motion,

plaintiffs do not address this factor, making no argument as to why an injunction pending appeal would be in the public interest. In any event, the injunction plaintiffs seek would halt the implementation of the Proclamation with respect to the Canadian CSPV products that plaintiffs export and import, interfering with the administration of the safeguard measure the President imposed to facilitate efforts by the domestic industry to make a positive adjustment to import competition. The public interest arguments plaintiffs made earlier were not persuasive, for the reasons the court discussed previously. *Id.* The court cannot conclude that the injunction pending appeal sought by plaintiffs would be in the public interest.

### 5. On Balance, the Court Concludes that an Injunction Pending Appeal Is Not Warranted

Upon reconsidering each of their claims, the court again concludes that plaintiffs have not met their burden of showing a likelihood of success on the merits. They have made no argument as to why such an injunction would be in the public interest, and the court has reason to conclude to the contrary. Even upon presuming, *arguendo*, that the other two factors are in plaintiffs' favor, the court concludes that the showing they have made is not sufficient for the court to order the injunction pending appeal that they seek.

### B. Stay of Proceedings Pending Appeal

Plaintiffs argue that a stay of the proceedings in this Court pending their appeal would serve the interests of judicial economy and efficiency, submitting that the results of their appeal "almost certainly will alter the scope or the course of the litigation." Inj. and Stay Mot. 4. The court is not persuaded by this argument. The only action now required of plaintiffs is to respond to the motion to dismiss filed by the ITC. The court sees no convincing reason why litigation on that motion should be stayed.

As an alternative to a stay, plaintiffs request that the court set a consolidated response date of May 31, 2018 for the motion to dismiss filed by the ITC and any other motions to dismiss that are filed. Inj. and Stay Mot. 5 n.1. This request is not a proper motion for an enlargement of time and, moreover, seeks an enlargement that appears excessive in length. A motion for an enlargement of time would entail requesting the consent of the other parties to the case. USCIT R. 7(f). Plaintiff is advised to consult with the other parties to this case and file any such motion expeditiously.

### III. CONCLUSION AND ORDER

Upon consideration of plaintiffs' motion for an injunction and a stay pending appeal and their motion for expedited consideration, upon all papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that Plaintiffs' Motion For Expedited Consideration of Motion For Injunction Pending Appeal and Stay of District Court Proceedings (Mar. 21, 2018), ECF No. 51 be, and hereby is, granted; it is further

**ORDERED** that Plaintiffs' Motion For Injunction Pending Appeal and Stay of District Court Proceedings During Appeal of Preliminary Injunction Ruling (Mar. 21, 2018), ECF No. 50 be, and hereby is, denied in the entirety; and it is further

**ORDERED** that plaintiffs' request for an enlargement of time to May 31, 2018 to respond to the motion to dismiss filed by the U.S. International Trade Commission be, and hereby is, denied.

                                                           /s/Timothy C. Stanceu
                                           Timothy C. Stanceu, Chief Judge

Dated: March 26, 2018
      New York, New York